UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 11-cr-570-1 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| GREGORY BLALOCK | ) | |

### ORDER

For the reasons stated below, the Government's motion to reconsider order vacating sentence [145] is granted. The March 19, 2019 order [143] is vacated for lack of statutory authority and as contrary to controlling Seventh Circuit precedent issued after the order was issued. The original judgment [116] and sentence of 180 months imposed on March 5, 2013 is reinstated.

### STATEMENT

This matter is before the Court on the Government's motion to reconsider [145] an order entered by Chief Judge Castillo prior to his retirement from the bench. Although not provided for in the Federal Criminal Rules of Procedure or by statute, motions for reconsideration are "accepted as a common law practice." *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014). A court's decision to reconsider an order is discretionary and may be undertaken "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008).

By way of background, on November 6, 2012, Defendant Gregory Blalock entered a conditional plea of guilty to two narcotics charges and a gun charge. On March 5, 2013, Chief Judge Castillo imposed a sentence of 180 months, which was the mandatory minimum sentence. The Seventh Circuit affirmed the district court's order denying Defendant's motion to suppress. Defendant subsequently sought relief under 28 U.S.C. § 2255 and Federal Rule of Civil Procedure 60(b), which Chief Judge Castillo denied in Case No. 14-cv-7862.

On March 8, 2019, Defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) and Section 401 of the First Step Act of 2018. The motion was noticed for presentment before Chief Judge Castillo on March 19, 2019. On that date, counsel for the Government did not appear. On the same date, Chief Judge Castillo entered an order [143] granting Defendant's motion and reducing his sentence to 157 months. According to the BOP Locator, Defendant is currently housed at Englewood FCI in Colorado and has a projected release date of November 19, 2022.

Two days after Chief Judge Castillo entered the order reducing Defendant's sentence, the Government filed the instant motion for reconsideration. The Government contended that the order was entered in error because Defendant was not eligible for relief under the First Step Act.

The First Step Act makes retroactive to certain defendants certain provisions of the Fair Sentencing Act of 2010, which lowered the threshold quantities triggering different statutory penalties for certain offenses involving cocaine base (crack cocaine). However, Section 404 of the First Step Act states that "No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat, 2372)[.]" Thus, the First Step Act applies only to defendants who were not previously sentenced under those sections, and who did not previously receive sentence reductions consistent with those sections.

Here, Defendant committed his offense on March 16, 2011, and was sentenced on March 5, 2013—both after the Fair Sentencing Act of 2010 was enacted. That timeline establishes that the court applied the Fair Sentencing Act in determining both the mandatory minimum sentence and the applicable Guidelines range.

Any argument that the First Step Act should be applied retroactively is barred both by the plain language of the statute and by a string of Seventh Circuit decisions that have been issued since the entry of the order in question. Turning first to the statutory text, Section 401(c) of the First Step Act states that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." In this instance, Defendant's sentence was imposed on March 5, 2013, more than five years before the enactment of the First Step Act on December 21, 2018.

In several decisions since Chief Judge Castillo entered the sentence reduction order, the Seventh Circuit has rejected the retroactivity argument raised by Defendant here. See *United States v. Sparkman*, 973 F.3d 771 (7th Cir. 2020) (rejecting argument that First Step Act applied to defendant whose sentence was pending on appeal at the time the Act was passed, explaining that "[t]he district court sentenced Sparkman before the statute passed, so the First Step Act does not apply to him"); *United States v. Jackson*, 940 F.3d 347, 349 (7th Cir. 2019) (declining to apply First Step Act retroactively); *United States v. Pierson*, 925 F.3d 913, 927 (7th Cir. 2019) (same), *vacated on other grounds*, 140 S. Ct. 1291 (2020).

To be sure, in an *en banc* decision, the Seventh Circuit upheld a defendant's eligibility for resentencing under the First Step Act where the defendant's initial sentence had been vacated at the time the Act took effect, citing Congress's mandate that the Act applies to an offense committed before enactment "if a sentence for the offense has not been imposed as of such date of enactment." *United States v. Uriarte*, 975 F.3d 596, 598 (7th Cir. 2020) (*en banc*) (quoting 18 U.S.C. § 924). But *Uriarte* does not help Defendant here, as his original sentence was imposed in 2013 and remained intact at the time of the enactment of the First Step Act. As the court of appeals explained, decisions like *Jackson* and *Pierson* cited above reflect "Congress's intent not to reopen *finished* proceedings because of the change in law effected by the First Step Act," but instead to "reach all cases where there was not already a sentence in place." *Id.* at 605 (emphasis in original). Consistent with the foregoing, the Seventh Circuit recently denied relief to a defendant who "was both sentenced (in 2014) and resentenced (in 2016) before Congress enacted the First Step Act in

2018" because the Act "is *not* retroactive." *United States v. Coleman*, 830 Fed. Appx. 769, 770 (7th Cir. Dec. 7, 2020) (emphasis in original) (citing *Jackson*, 940 F.3d at 353).

As the analysis set forth above plainly indicates, the order reducing the sentence cannot stand in light of the Seventh Circuit's controlling decisions holding that the First Step Act does not apply retroactively to permit a court to amend a sentence that was imposed after the enactment of the Fair Sentencing Act of 2010 and before the enactment of the First Step Act of 2018 and that remained intact on the date that the latter statute was signed into law. Here, Defendant was sentenced on March 5, 2013—well within the range of dates for which no relief is available. Even accepting that the Government did not make these arguments at the time that the motion was presented—and granted—waiver does not save the day for Defendant because the order imposing a reduced sentence was entered without statutory authority. Regardless of the arguments made, or not made, in support of and against a motion, a court may only exercise the authority conferred on it under the applicable law. The Seventh Circuit has now authoritatively pronounced that law, and this Court is bound by the court of appeals' rulings. Finally, to the extent that Defendant urges the Court to look to revised sentencing guidelines under 18 U.S.C. § 3582(c) [see 148, at 3-4], the Seventh Circuit has held that "[n]othing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum." *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (per curiam).

The Court recognizes that this decision will impose hardship on Defendant, who had been led to believe that his sentence would be reduced by almost two years. But in applying the provisions of the First Step Act (and the Fair Sentencing Act as well), district courts (a) may only exercise the authority conferred on them by Congress and (b) must follow controlling circuit precedent. Because the March 19, 2019 order [143] exceeded the court's authority, it must be vacated and the original sentence must be reinstated.

Dated: February 16, 2021

_____
Robert M. Dow, Jr.
United States District Judge